UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AHMED EL-ALAOUI,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>FAURECIA EMISSIONS CONTROL  )<br>TECHNOLOGIES USA, LLC, *doing*  )<br>*business as* Faurecia Fort Wayne, *also*  )<br>*known as* "Faurecia",  )<br>  )<br>  Defendant.  ) | Case No. 1:22-cv-00333-HAB-SLC |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion for extension of time to respond to Defendant's Requests for Admission (ECF 13), Plaintiff's motion to withdraw and amend admissions (ECF 15), and Defendant's motion to strike Plaintiff's admissions (ECF 16). For the following reasons, Plaintiff's motion to withdraw and amend admissions (ECF 15) will be GRANTED, Plaintiff's motion for extension of time to respond to Defendant's Requests for Admission (ECF 13) will be deemed MOOT, and Defendant's motion to strike Plaintiff's admissions (ECF 16) will be DENIED.

*A.  Procedural and Factual Background*

On January 30, 2023, Plaintiff filed a motion for extension of time to respond to Defendant's Requests for Admission (ECF 13), seeking a week extension to submit his responses. As a basis for good cause, Plaintiff states that he currently resides in France, "thus complicating the communication process and causing some delays," and that the paralegal from his counsel's firm was absent on January 30, 2023. (*Id.* ¶¶ 1-2).

On February 3, 2023, Defendant filed a response in opposition to the motion (ECF 14), stating that Plaintiff's motion for extension was untimely. In the motion, Defendant explains that on or about November 2, 2022, Defendant served Plaintiff its First Set of Interrogatories, Requests for Production, and Requests for Admission (together "written discovery requests"), making Plaintiff's responses due on December 2, 2022. (*Id.* ¶ 1). Though Plaintiff acknowledged receipt of the written discovery requests that same date, he did not respond by the December 2, 2022, deadline. (*Id.* ¶¶ 2-3). Defendant further explains that it corresponded with Plaintiff on January 6, 2023, advising him that it had not received Plaintiff's responses to the written discovery request nor a request for extension, and thus, that "Plaintiff had waived all objections." (*Id.* ¶ 5). Three days after Defendant informed Plaintiff of the missed deadline, Plaintiff contacted Defendant and requested additional time to respond to the written discovery requests. (*Id.* ¶ 6). Defendant agreed to a twenty-day extension for Plaintiff to respond to the First Set of Interrogatories and Requests for Production, but Defendant would not agree to an extension with respect to the Requests for Admission. (*Id.* ¶ 7). Therefore, Defendant argues that, because Plaintiff failed to answer the Requests for Admission, the requests are deemed admitted under Federal Rule of Civil Procedure 36(a). (*Id.* ¶¶ 4, 7).

Plaintiff did not file a reply to Defendant's response, but instead, on February 6, 2023, filed a motion to withdraw and amend admissions. (ECF 15). In the motion, Plaintiff's counsel explains that shortly after receiving the written discovery requests on November 2, 2022, the paralegal assigned to this case resigned from counsel's law firm. (*Id.* ¶ 2). Due to a calendaring error caused by the departing paralegal, Plaintiff's counsel was unaware that the time for Plaintiff's responses had already run, thus failing to respond by the December 2, 2022, deadline. (*Id.* ¶ 3). Additionally, Plaintiff's counsel explains that Plaintiff sent his response to him on or

2

about November 15, 2022, but compounding on the calendaring error, the departing paralegal never uploaded Plaintiff's "raw" discovery responses to the firm's system for counsel's review. (*Id.* ¶ 5). Finally, Plaintiff's counsel states that his case load "dramatically increased" when the only other attorney handling employment litigation at his law firm was out on medical leave from January to early February 2023. (*Id.* ¶ 7). Now, Plaintiff seeks the Court's leave to amend or withdraw his admissions, though he has sent the responses to the First Set of Interrogatories and Requests for Production to Defendant on January 30, 2023, and the responses to the Requests for Admission on January 31, 2023. (*Id.* ¶¶ 10, 14; *see* ECF 15-1 to ECF 15-2).

On February 21, 2023, Defendant filed a response, again in opposition to Plaintiff's motion. (ECF 16). Defendant argues that the delay has stalled discovery, that Plaintiff has not established how amendment or withdrawal of the admissions will promote the merits of his case, and that it will be prejudiced by amendment or withdrawal of the admissions because of the significant delay in discovery and its restricted ability to obtain evidence. (*Id.* at 1-2). Additionally, Defendant moves to strike Plaintiff's response to the Requests for Admission received on January 31, 2023, because Plaintiff served the belated responses before filing a motion under Rule 36(b) to withdraw his admissions. (*Id.* at 6).

Plaintiff filed a reply to Defendant's response on February 27, 2023 (ECF 17), making the matter ripe for ruling. N.D. Ind. L.R. 7-1(d). In the reply, Plaintiff states that Defendant is not prejudiced as Defendant still has time to conduct discovery, and that Defendant's choice to forego discovery is not sufficient to find that Defendant has suffered any prejudice, especially after having received Plaintiff's real responses to the Requests for Admission. (*Id.*). He further states that counsel was reactive when he realized that no response had been given to the Requests for Admission. (*Id.*).

3

### B.  Legal Standard

Federal Rule of Civil Procedure 36(a)(3) states: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Here, because Plaintiff failed to respond within thirty days of service, the matters in Defendant's Requests for Admission are deemed admitted. Rule 36(b), however, further provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

### C.  Analysis

The Court begins with Plaintiff's motion to withdraw and amend admissions. (ECF 15). Plaintiff asserts that "it is fairly obvious" that withdrawing the inadvertent admissions would promote the presentation of the merits of his action, thus fulfilling the first prong of Rule 36(b). (ECF 15 ¶ 12). Defendant argues that Plaintiff has not carried its burden of satisfying the first prong of Rule 36(b), pointing to Plaintiff's "conclusory" assertion that withdrawal would permit him to present the merits of his lawsuit.

"Defendant is correct that a party cannot meet its burden of showing that withdrawal of the admissions would promote the presentation of the merits of the action by simply stating the withdrawal would 'promote the presentation of the merits of this action.'" *Branson v. Celadon Trucking Servs., Inc.*, No. 1:14-CV-01009-JMS, 2014 WL 5640774, at *2 (S.D. Ind. Nov. 3, 2014). "Nevertheless, the Court may take notice of the fact that denial of the Plaintiff's request to withdraw the admissions would adversely impact Plaintiff's ability to present [his] case on the merits." *Id.* In effect, the subject matter of the Requests for Admission (ECF 16-1 at 35-39) is in

direct conflict with the allegations in Plaintiff's complaint. The complaint alleges that Plaintiff was discriminated against and discharged because of his national origin (ECF 6 ¶ 5), while the Requests for Admission seek Plaintiff's admission that "Faurecia offered [him] full-time employment contingent on . . . securing a valid visa," and that Plaintiff could not continue his employment with Faurecia because the visa was cancelled and because he falsified information on his visa application (ECF 16-1 at 36).[1] Thus, if admitted, the Requests for Admission would negate Plaintiff's complaint, preventing Plaintiff from arguing his case on the merits. As such, the first prong of Rule 36(b) is satisfied.

Plaintiff further emphasizes that because this case is in the early stages, Defendant will not be prejudiced by the withdrawal of the inadvertent admissions, thus fulfilling the second prong of Rule 36(b). (ECF 15 ¶ 13; ECF 17). In opposition, Defendant contends that it would be prejudiced because it would "suddenly need to obtain evidence with respect to questions previously answered by the admissions . . . ." (ECF 16 at 5). Defendant further states that it relied on Plaintiff's responses by making "strategic decisions about the defense of this case," including delaying Plaintiff's and other witnesses' depositions and third-party written discovery. (*Id.*). Additionally, Defendant argues that Plaintiff's deposition would require advance coordination for travel and a potential translator as he resides in France and English is not his native language. (*Id.*). Lastly, Defendant points to its restricted ability to locate relevant witnesses or documents as several witnesses are no longer employed by their respective companies. (*Id.*).

---

[1] While the Court does not have access to the responses to the Requests for Admission sent on January 31, 2023, the interrogatory responses suggest that Plaintiff may have denied making false representations in his visa application. (ECF 15-1 at 44).

Prejudice for purposes of Rule 36(b) "does not simply mean that the party who obtained the admissions will now have to argue the merits of the case. Rather, the prejudice must be based on the party's detrimental reliance on such admissions." *Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2006 WL 2088194, at *3 (N.D. Ill. July 20, 2006) (citation omitted). Here, the Court is not persuaded that Defendant has suffered prejudice. Defendant's argument merely states that it will now have to argue the merits of the case by conducting further discovery. Additionally, the Court doubts that the passage of two months is the cause of Defendant's difficulty in identifying the witnesses it now seeks to depose. Plaintiff has moved to correct the oversight as soon as informed by opposing counsel, and discovery is open through June 21, 2023. (ECF 12). Thus, Defendant still has time time to build its case on the merits. *See Johnson v. Target Corp.*, 487 F. App'x 298, 300 (7th Cir. 2012) ("There is no prejudice if . . . the withdrawal is made before trial and discovery may be reopened."); *Warren v. McQueen*, No. 3:21-CV-575-MAB, 2022 WL 970639, at *2 (S.D. Ill. Mar. 31, 2022) (granting motion to withdraw admissions and noting "there is three more months until the close of discovery"). Thus, the Court is not persuaded that Defendant would be prejudiced should the admissions be withdrawn, and the second prong of Rule 36(b) is satisfied.

Lastly, Plaintiff states that good cause and excusable neglect, though not per se elements of the Rule 36 standard, warrant amendment or withdrawal of its response. (ECF 15 ¶ 13). Although, "the Seventh Circuit has not imposed a specific requirement of justification and/or excusable neglect in determining whether a motion made pursuant to Rule 36(b) should be granted," Plaintiff's counsel has shown that the delay was due to excusable neglect. *Hope v. ArcelorMittal Burns Harbor, LLC*, No. 2:13-CV-493, 2016 WL 11676679, at *2 (N.D. Ind. Sept. 19, 2016) (counsel's delay of over a year in filing motion to withdraw admission after request for

admission was deemed admitted was "excusable" because of staffing changes around the time the response was due). "[T]his is not a case where the admitting party provided evasive or incomplete responses that might obfuscate the merits of the suit." *Branson*, 2014 WL 5640774, at *2. "Instead, Plaintiff's counsel apparently made an honest error, and allowing the requests to remain admitted would elevate the technicalities of deadlines above the merits of the underlying claims." *Id.* (granting motion to withdraw when failure to timely respond was due to a calendaring error on the part of the plaintiff's counsel). As such, Defendant will not be prejudiced, and permitting withdrawal of the admissions will promote the presentation of the merits of Plaintiff's action. Therefore, Plaintiff's motion to withdraw and amend admissions will be GRANTED.

Turning to Defendant's motion to strike Plaintiff's admissions sent on January 31, 2023 (ECF 16), "a party cannot embed a motion within a response brief, as motions must be filed separately." *Mojsoski v. Ind. Wesleyan Univ.*, No. 1:22-cv-00019-SLC, 2022 WL 17338426, at *12 (N.D. Ind. Nov. 30, 2022) (citing N.D. Ind. L.R. 7-1(a)). Additionally, given the disposition of the motion to withdraw and amend admissions, the Court will not strike the January 31, 2023, admissions. *See Skolnick v. Puritan Pride*, No. 92 C 1022, 1995 WL 215178, at *5 (N.D. Ill. Apr. 10, 1995) (denying motion to strike admissions after granting the plaintiff's motion to withdraw admissions). Therefore, Defendant's motion to strike (ECF 16) will be DENIED.

Finally, in light of the disposition of Plaintiff's motion to withdraw and amend admissions and Defendant's motion to strike, Plaintiff's motion for extension of time to respond to Defendant's Requests for Admission will be deemed MOOT.

*D. Conclusion*

Accordingly, Plaintiff's motion to withdraw and amend admissions (ECF 15) is GRANTED. Plaintiff is afforded up to and including March 29, 2023, to respond to Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission. Additionally, because the motion to withdraw and amend admissions (ECF 15) is granted, Plaintiff's motion for extension of time to respond to Defendant's Requests for Admission (ECF 13) is deemed MOOT and Defendant's motion to strike (ECF 16) is DENIED.

SO ORDERED.

Entered this 22nd day of March 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge